UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDGAR CRESPO,

     Plaintiff,

             vs.                         15-cv-412(WWE)(WIG)

MICHAEL R. BEAUTON, et al.,

     Defendants.
_____X

## RULING ON MOTION TO QUASH

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff alleges, as relevant here, that Connecticut State Police ("CSP") Officer Michael R. Beauton used his police dog excessively and maliciously while effecting a motor vehicle stop, detention, and arrest of Plaintiff on January 18, 2014.  On November 9, 2015, Plaintiff served a subpoena duces tecum on non-party Connecticut Police Commissioner Dora B. Schriro (the "Commissioner") requesting the production of four categories of documents.  Now before the Court is the Commissioner's Motion to Quash [Doc. # 42].

## Background

Plaintiff's subpoena seeks the production of four groupings of documents:

1. A full and complete copy of each and every document in existence and in effect as of January 18, 2014, constituting or containing statements of policy or procedure, rules, regulations, guidelines, directions, orders, training manuals, classroom handouts, or any other writings of any kind whatsoever, governing the training, handling, deployment and use of police dogs by members of the Connecticut State Police;

2. A full and complete copy of each and every incident report, existing in each and every closed case of the Connecticut Department of Public Safety, Connecticut State Police, other than the report(s) generated in closed case file CFS No. 1400034410, wherein it was reported that a state police-certified dog handler, during the period  of January 1, 2010 to present, ever utilized his trained police dog as a means of removing an arrestee

(or detainee) from a motor vehicle during the course of making a motor vehicle stop and arrest of said arrestee/detainee;

3.  A full and complete copy of each and every incident report, existing in each and every closed case of the Connecticut Department of Public Safety, Connecticut State Police, other than the report(s) in closed file CFS 1400034410, for the period of January 1, 2010 to present, wherein it was reported that a certain State Trooper/Dog Handler named MICHAEL BEAUTON used any trained police dog, including but not limited to a certain police dog named "Nero," No. 9085, to assist himself or other officers in effecting any arrest or detention in any matter.

4.  A full and complete copy of each and every document in the custody of the Connecticut Department of Public Safety, Connecticut State Police, constituting policies, procedures, guidelines, orders, or any other written document, governing or pertaining to police motor vehicle pursuits by members of the state police.

The Commissioner requests the Court quash the subpoena on the grounds that it places an undue burden and expense upon the Commissioner. Specifically, she argues that Requests 2 and 3 would require "one dedicated staff member for a duration of one to two years to complete." [Doc. # 42-2, Affidavit of Cynthia M. Powell, Office Supervisor/Records Management Liaison Officer]. With respect to Requests 1 and 4, the Commissioner argues that they are overbroad and seek information not relevant to Plaintiff's claims against Officer Beauton, particularly since Plaintiff has not brought a claim against the State of Connecticut in this matter.

Plaintiff's thorough – and persuasive – opposition to the Motion to Quash argues that the documents sought in Requests 2 and 3 are neither too broad nor too burdensome because reporting requirements built into the CSP reporting system will make it relatively easy to identify, review, and produce responsive documents.[1] He further argues that the documents sought in Requests 2 and 3 are relevant because he has good reason to believe the manner in which Officer Beauton used the police dog was so inappropriate that no other reports will show

---

[1] Plaintiff additionally states, and the Court agrees, that a protective order can be entered into to address any concerns about confidential information which may be in the responsive documents.

such use, and this is germane to the reasonableness of Officer Beauton's behavior and to the

qualified immunity defense Officer Beauton raises.

As to Request 1, the Commissioner's motion states that CSP will provide certain

responsive documents to Plaintiff.  Plaintiff seeks clarification that the documents to be produced

amount to full compliance with the request.  Finally, as to Request 4, Plaintiff argues that

responsive documents are relevant to the reasonableness of Officer Beauton's conduct: they will

provide context for how Officer Beauton acted in relation to how the rules and regulations say

CSP officers *should* act.

## Discussion

Pursuant to Rule 45, any party may serve a subpoena commanding a non-party to

"produce designated documents."  Fed.R.Civ.P. 45(a)(1)(A)(iii).  Rule 45 subpoenas are subject

to the relevance requirements set forth in Rule 26(b).  *See* Fed.R.Civ.P. 45 Advisory Committee

Notes to 1970 Amendment ("the scope of discovery through a subpoena is the same as that

applicable to Rule 34 and the other discovery rules").  "Although a subpoena may be quashed if

it calls for clearly irrelevant matter, the district judge need not pass on the admissibility of the

documents sought in advance of trial nor quash a subpoena demanding their production if there is

any ground on which they might be relevant."  9A Wright & Miller, Fed. Prac. & Proc. Civ. §

2459 (3d ed.).

Rule 45(d)(3)(A) provides that "on timely motion, the court by which a subpoena was

issued shall quash or modify the subpoena if it ... (iv) subjects a person to undue burden."  The

movant bears the burden of persuasion in a motion to quash a subpoena.  *The Travelers*

*Indemnity Company v. Metropolitan Life Insurance Company,* 228 F.R.D. 111, 113 (D. Conn.

2005).  When evaluating undue burden, a court must weigh the burden to the subpoenaed party

against the value of information to the serving party.  *Id.*  Whether a subpoena imposes an

"undue burden depends on such factors as relevance, the need of the party for the documents, the

breadth of the document request, the time period covered by it, the particularity with which the

documents are described and the burden imposed."  *Id.* (internal quotation marks omitted).  "The

determination of issues of burden and reasonableness is committed to the sound discretion of the

trial court."  *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996); *Wills*

*v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (district courts have much discretion in

handling discovery matters).

 With these standards in mind, the Court has determined the following:

 The Motion to Quash as to Requests 1 and 4 is denied.  The documents sought are

relevant to the claims and defenses at issue in the case.  In the event that the documents the

Commissioner intends to produce/has produced in response to Request 1 are not complete, the

Commissioner shall fully comply with the request.

 The Motion to Quash as to Requests 2 and 3 is denied without prejudice to

reconsideration.  The Court is sensitive to the difficulties the Commissioner may encounter in

responding to a burdensome discovery request.  Plaintiff avers in his brief, however, that there

are reporting requirements built into the CSP reporting system that would assuage any burden

associated with fulfilling these particular requests.  Plaintiff claims that such requirements will

enable the Commissioner to identify, review, and produce responsive documents without

undergoing a time consuming or unmanageable logging and organizing process.  Unless the

Commissioner can persuade the Court that Plaintiff's claims in this regard are incorrect, the

Motion to Quash will denied in full.  If the Commissioner wishes to refute Plaintiff's <u>particular</u>

<u>arguments as related to Requests 2 and 3 only</u>, she may file a Reply brief of <u>no more than 7</u>

pages within 10 days of this Ruling.  Barring an unexpected and extraordinary occurrence, it is

quite unlikely the Court will grant an extension of time.

### Conclusion

For the reasons set forth above, the Motion to Quash is DENIED with respect to Requests

1 and 4.  The Commissioner shall respond to the subpoena on or before February 22, 2016.  The

Motion to Quash is DENIED without prejudice to reconsideration as to Requests 2 and 3.  If the

Commissioner wishes to submit a reply brief, she may do so within 10 (ten) days.   If no reply

brief is timely filed, the Commissioner shall respond to the subpoena on or before February 22,

2016.

This is not a Recommended Ruling.  This is a discovery ruling or order which is

reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §

636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the

Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED, this  21st  day of January, 2016, at Bridgeport, Connecticut.


/s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge