UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDGAR CRESPO,

    Plaintiff,

        vs.                              15-cv-412(WWE)(WIG)

MICHAEL R. BEAUTON, et al.,

    Defendants.

_____X

## RULING ON MOTION FOR RECONSIDERATION

    On January 21, 2016, the undersigned issued a ruling on a Motion to Quash filed by non-party Connecticut Police Commissioner Dora B. Schriro (the "Commissioner") in response to a subpoena duces tecum served on her by Plaintiff. [Doc. # 48]. In that ruling, the Court denied without prejudice to reconsideration the Motion to Quash as to two of Plaintiff's discovery requests. The Commissioner has filed a Motion for Reconsideration, arguing against production of documents responsive to these requests. [Doc. # 50]. The Motion is denied.

    Requests 2 and 3 seek the following:

2. A full and complete copy of each and every incident report, existing in each and every closed case of the Connecticut Department of Public Safety, Connecticut State Police, other than the report(s) generated in closed case file CFS No. 1400034410, wherein it was reported that a state police-certified dog handler, during the period of January 1, 2010 to present, ever utilized his trained police dog as a means of removing an arrestee (or detainee) from a motor vehicle during the course of making a motor vehicle stop and arrest of said arrestee/detainee;

3. A full and complete copy of each and every incident report, existing in each and every closed case of the Connecticut Department of Public Safety, Connecticut State Police, other than the report(s) in closed file CFS 1400034410, for the period of January 1, 2010 to present, wherein it was reported that a certain State Trooper/Dog Handler named MICHAEL BEAUTON used any trained police dog, including but not limited to a certain police dog named "Nero," No. 9085, to assist himself or other officers in effecting any arrest or detention in any matter.

In her Motion for Reconsideration, the Commissioner first asserts that the information sought in Requests 2 and 3 is not relevant to Plaintiff's excessive force claims. The Court disagrees. In a Section 1983 case against a police officer, "police internal investigations files are discoverable when they involve allegations of similar misconduct." *Session v. Rodriguez*, No. 3:03-cv-00943 (AWT), 2008 WL 2338123, at *2 (D. Conn. June 4, 2008). Further, "[i]n civil rights actions, courts have permitted *discovery* of prior similar complaints or incidents regardless of the outcome of those complaints." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (emphasis in original). Here, Plaintiff's claims involve Officer Beauton's alleged use of excessive force in using his police dog to effectuate the arrest of Plaintiff. The information sought in Requests 2 and 3 involve allegations of similar misconduct relevant to Plaintiff's claims. *See Gross v. Lunduski*, 304 F.R.D. 136, 146 (W.D.N.Y. 2014) (finding relevant in a discovery dispute similar excessive force complaints, reasoning that "even unsubstantiated complaints are useful to resourceful counsel as potential leads to other evidence relevant to the issues of intent or other facts in issue, and therefore subject to production.") (internal quotation marks and citation omitted). While such information may be relevant for discovery purposes, the admissibility of this evidence at trial in not something the Court need address at this time. At the discovery stage, information "need not be admissible in evidence to be discoverable." *See* Fed. R. Civ. P. 26(b); *see also* 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed.) ("Although a subpoena may be quashed if it calls for clearly irrelevant matter, the district judge need not pass on the admissibility of the documents sought in advance of trial nor quash a subpoena demanding their production if there is any ground on which they might be relevant.").

The Commissioner also argues that some of the records sought are protected under Connecticut's erasure statute, Conn. Gen. Stat. § 54-142a. This statute provides for the erasure

of all police and court records pertaining to a charge when the accused has been found not guilty or the charge has been dismissed.  *See* Conn. Gen. Stat. § 54-142a(a).  "Under Connecticut law 'erasure' does not mean physical destruction of records but rather non-disclosure of them when mandated by statute."  *United States v. One Parcel of Prop. Located at 31-33 York St., Hartford, Conn.*, 930 F.2d 139, 140 (2d Cir. 1991).  In *One Parcel*, the Second Circuit found that 54-142(a) did not bar the admission of erased arrest records as evidence in a forfeiture proceeding.  *Id.* at 141. The Court reasoned that because the privilege that would preclude the admission of relevant evidence arose from state statute, and not from common law, such a privilege must be "construed narrowly" and "must yield when outweighed by a federal interest in presenting relevant information to the trier of fact."  *Id.*  Here, the Court finds that "important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983, prevails over any interest in the confidentiality of the arrest records."  *Kelley v. City of Hamden*, No. 3:15-cv-00977(AWT), 2015 WL 9694383, at *4 (D. Conn. Nov. 23, 2015) (internal quotation marks omitted).  While the Commissioner's concern about producing confidential information is understandable, such concern can be addressed, as Plaintiff's counsel proposes, by entering into a protective order limiting the use and disclosure of any personally identifiable information contained in the records.  *See* ECF No. 52 at p. 3.

     Finally, the Commissioner claims that compliance with these requests will be unduly burdensome.  In support, she has attached to her Motion an affidavit from the Connecticut State Police Records Management Liaison, Cynthia Powell.  Ms. Powell reports that implementation of electronic K-9 records began in January 2011, and that a search of the electronic system produced 453 incidents potentially responsive to Requests 2 and 3.  She further reports, without

providing concrete figures, that "many" of the 453 incidents "may have involved the preparation and submission of a narrative report," which may contain documents not maintained electronically. Ms. Powell estimated that it would take approximately 12-18 months to review the paper files containing those documents in order to compile full case reports. She also attests that any records prior to 2011, which were manually completed and maintained, would require a "lengthy process" to compile and review.

Plaintiff has responded by limiting his requests to a five year period, which addresses the Commissioner's concern about the burden of producing documents that were not electronically maintained. Next, Plaintiff has reaffirmed that he is seeking only electronic reports, and not any non-electronically filed attachments thereto, thereby obviating the Commissioner's need to locate and review narrative reports not contained in the electronic filing system. In light of this, the Court finds that a review of the 453 electronically-maintained incidents is not unduly burdensome. The Commissioner shall produce any of the 453 incident reports responsive to Requests 2 and 3 for the period of January 2011 to the present on or before March 9, 2016.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED, this  9th  day of February, 2016, at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge