UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDGAR CRESPO<br>*Plaintiff*<br><br>VS.<br><br>MICHAEL BEAUTON, *et al.*<br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>: | NO. 3:15-cv-00412(WWE)<br><br><br><br><br><br>November 30, 2016 |

**STIPULATED PROTECTIVE ORDER**

This matter having come before the United States District Court by stipulation of plaintiff, EDGAR CRESPO and defendant, MICHAEL BEAUTON, for the entry of a protective order pursuant to Fed.R.Civ.P. 26(c), limiting the review, copying, dissemination and filing of 164 Bates stamped pages entitled IA-13-072 and IA-15-060 produced by defendant on November 30, 2016 in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Each party may designate Documents produced, or Testimony given, in connection with this action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties.

3. As used herein:

(a) "CONFIDENTIAL" information shall mean all information, documents, or things that have not been made public by the disclosing party, and that the disclosing party reasonably believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an entity or individual's legitimate expectation of privacy. Any such designated CONFIDENTIAL information shall be subject to the provisions of this Stipulation. Copies of CONFIDENTIAL information and any receiving party's summary, compilation, or expression in another medium of the CONFIDENTIAL information are protected under this Stipulation to the same extent as the original CONFIDENTIAL information.

(b) "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall mean CONFIDENTIAL information that the disclosing party reasonably believes is so highly sensitive that its disclosure to an opposing party implicates, *inter alia*, considerations relating to or affecting the safety and security of Connecticut Department of Correction, its' operations, staff and inmates, and/or would be considered highly sensitive to the disclosing party. All such CONFIDENTIAL - ATTORNEY'S EYES ONLY information designations shall be made in good faith by the designating party. Any such designated CONFIDENTIAL ATTORNEY'S EYES ONLY information shall be subject to the provisions of this Stipulation. Copies of CONFIDENTIAL – ATTORNEY'S EYES ONLY information and any receiving party's summary, compilation, or expression in another medium of the CONFIDENTIAL – ATTORNEY'S EYES ONLY information are protected under

this Stipulation to the same extent as the original CONFIDENTIAL – ATTORNEY'S EYES ONLY information.

(c) "Designating party" shall mean the parties to this action and any third-parties producing CONFIDENTIAL information or CONFIDENTIAL – ATTORNEY'S EYES ONLY information in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(d) "Receiving party" shall mean the party to this action and/or any non-party receiving CONFIDENTIAL information or CONFIDENTIAL – ATTORNEY'S EYES ONLY information in connection with depositions, document production or otherwise.

4. Whenever a party or nonparty herein designates documents, things, or other information as CONFIDENTIAL information, such must be stamped or marked prior to its release to the receiving party as "CONFIDENTIAL." The protocol for designating deposition testimony as "CONFIDENTIAL" is set forth in paragraph 12 below.

5. Whenever a party or nonparty herein designates documents, things, or other information as CONFIDENTIAL – ATTORNEY'S EYES ONLY information, such must be stamped or marked prior to its release to the Receiving party as "CONFIDENTIAL – ATTORNEY'S EYES ONLY." The protocol for designating deposition testimony as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" is set forth in paragraph 12 below.

6. All documents and materials designated as "CONFIDENTIAL" (and any information contained therein or derived therefrom) shall be used by the parties solely for purposes of this action, and not for any competitive, business, or other purpose. Under no circumstances other than those specifically provided for in this Stipulation shall any party disclose such documents, materials or information to any person or entity other than the following:

(a) the Court;

(b) counsel of record for the parties to this action and their employees and staff;

(c) the parties to this action, including the officers, directors and employees of the parties who have a need to know for purposes of this litigation;

(d) outside vendors who perform scanning, photocopying, computer classification or similar clerical functions; provided, however, that, after performing their services, such vendors may not have further access to any confidential documents or materials unless they are providing additional services;

(e) witnesses at any deposition, hearing, trial or post-trial proceeding in this matter (except that such witnesses shall not retain any CONFIDENTIAL information or materials subsequent to their testimony).

(f) court reporters and associated individuals engaged in transcribing, typing, or otherwise preparing transcripts of depositions or bearings in this action;

(g) consultants and expert witnesses who assist the attorneys of record in this action in the preparation of this case for trial; and

(h) any other persons or entities whom counsel for the producing party or non-party agrees in writing, or whom the Court directs, should have access to confidential documents or materials.

7. All documents and materials so designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (and any information contained therein or derived therefrom) shall be used by the parties solely for purposes of this action, and not for any competitive, business, or other purpose. Under no circumstances other than those specifically provided for in this Stipulation, shall any party disclose such documents, materials or information to any person or entity other than the following:

(a) the Court;

(b) counsel of record for the parties to this action and their employees and staff;

(c) consultants and expert witnesses who assist the attorneys of record in this action in the preparation of this case for trial; and

(d) any other persons or entities whom counsel for the designating party or non-party agrees in writing, or whom the Court directs, should have access to CONFIDENTIAL – ATTORNEY'S EYES ONLY information.

8. Notwithstanding the provisions in paragraphs 6 and 7 above, CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY information may be disclosed to any current employee or agent of the party or non-party producing such information.

9. Before any disclosure of CONFIDENTIAL information or CONFIDENTIAL – ATTORNEY'S EYES ONLY information is made to an expert witness or consultant pursuant to paragraphs 6(g) and 7(c) hereof, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by Fed.R.Civ.P 26, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

10. Should the need arise for any of the parties to disclose CONFIDENTIAL information or CONFIDENTIAL – ATTORNEY'S EYES ONLY information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the designating party, shall deem necessary to preserve the confidentiality of such CONFIDENTIAL information.

(a) Procedure for filing CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY information:

(a) Any party wishing to file with the Court any documents previously designated as comprising or containing CONFIDENTIAL information or CONFIDENTIAL - ATTORNEY'S EYES ONLY information must comply with D.Conn.L.R. 5(e) which governs the submission of documents under seal and the procedure for obtaining the same.

(b) All pleadings, briefs or memoranda that reproduces, paraphrases-or discloses any documents that have previously been designated by a party as comprising or containing CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY information, shall identify such documents by the production number ascribed to them at the time of production.

11. In the event that a question is asked at a deposition that calls for or results in the disclosure of CONFIDENTIAL information and/or CONFIDENTIAL – ATTORNEY'S EYES ONLY information, counsel for the party claiming such confidentiality may designate the question and answer as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by making, at the deposition, a statement on the record so designating such portions, and shall direct the reporter to place such designated CONFIDENTIAL information and/or CONFIDENTIAL – ATTORNEY'S EYES ONLY information on separate transcript pages prominently marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as appropriate. Regardless of whether notice was given at the deposition, deposition transcripts shall be treated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" for ten (10) business days after delivery of the transcript to the parties. Counsel for the deponent shall have ten (10) business days after receipt of the deposition transcript within which to inform the deposing party of the portions of the transcript (by specific page and line numbers) to be designated as "CONFIDENTIAL" or "Confidential – ATTORNEY'S EYES ONLY," as appropriate. Subject to paragraphs 16 and 17 below, designation of confidentiality is waived after the expiration of the ten-day period, unless designated at the time of the deposition or within the ten-day period, or otherwise

stipulated or ordered. Any person present at a deposition who has not signed an "ACKNOWLEDGMENT TO BE BOUND BY PROTECTIVE ORDER" and is not authorized to receive or otherwise review CONFIDENTIAL information and/or CONFIDENTIAL – ATTORNEY'S EYES ONLY information shall not be permitted to hear testimony designated as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as appropriate, and shall be required to leave the deposition during such testimony.

12. Every person, firm, or organization receiving CONFIDENTIAL information and/or CONFIDENTIAL –ATTORNEY'S EYES ONLY information pursuant to this Stipulation (a) shall use the same solely for purposes of this action, (b) shall not use the same for any business, commercial, or competitive purpose, and (c) agrees to subject himself/herself/itself to jurisdiction of this Court for the purpose of any proceeding relating to performance under, compliance with, or violation of this Stipulation. The United States District Court for the District of Connecticut shall retain jurisdiction to enforce this Stipulation even after termination of this action. This Stipulation, however, in no way operates to restrict the disclosure or use of any information which (a) was, is, or lawfully becomes publicly available other than through violations of this Stipulation; (b) was or is acquired by a party from a third party having the right to disclose such information to the recipient; or (c) was lawfully possessed by the non-designating party prior to entry by the District Court of this Stipulation.

13. Nothing in this Stipulation shall prejudice any party from seeking amendments to this Stipulation that broaden or restrict the rights of access to and use of

CONFIDENTIAL information and/or CONFIDENTIAL – ATTORNEY'S EYES ONLY information.

14. Each party reserves the right to dispute the designation or non-designation of an item as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by any other party or nonparty in accordance with this Stipulation. The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court. Any party believing that any information, documents, or things have been inappropriately designated or not designated by another party or nonparty as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall inform counsel for the other party or nonparty, in writing. If the parties (and nonparty, if applicable) are unable to resolve the matter informally within five (5) days of such writing, the party objecting to the designation or non-designation may then file an appropriate motion with the Court. Until and unless the Court may finally determine that such documents, information, or materials are not properly designated, or should be designated, as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant hereto, the same shall continue to be treated as originally designated or non-designated by the producing party.

15. Except as stated herein, by making documents, things, and other information designated as CONFIDENTIAL information and/or CONFIDENTIAL – ATTORNEY'S EYES ONLY information available for use in this action, neither party has waived or compromised the confidentiality or protectability of the information or documents. Neither the taking of any action in accordance with the provisions of the

Stipulation, nor the failure to object thereto, shall in any way prejudice any claim or defense in this proceeding or any right of a third party.

16. Any document or information that may contain CONFIDENTIAL information that has been inadvertently produced without identification as to its "confidential" nature as provided in this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" within a reasonable time following the discovery that the document or information has been produced without such designation.

17. If a Designating party realizes it has inadvertently produced a document it considers to be covered by the attorney-client privilege, work product immunity, or other applicable privilege, protection or immunity it may contact the Receiving party and notify it of such inadvertent production. Such inadvertent disclosure shall not constitute a waiver of any privilege or immunity if the Designating party:

(a) notifies the receiving party in writing of the delivery of inadvertently produced documents; and

(b) identifies the produced documents:

i. by Bates stamp number designations; or

ii. by the date(s) of the document(s), the name(s) of its author(s) and the name(s) of each person to whom the document(s) were addressed; or

iii. by narrative description sufficient to identify the produced documents.

18. Upon receipt of the written notice required in paragraph 18 above, the receiving party will have ten (10) days within which it shall return to the designating party the inadvertently produced privileged documents, and all copies thereof, and all notes made regarding such documents must be immediately destroyed, unless the parties mutually agree upon a longer time for return and destruction of the privileged documents. No use shall be made of such inadvertently produced materials during a deposition or at trial, nor shall such materials be shown to anyone (unless the person has already been given access to it) subsequent to the request for its return.

19. The production or disclosure of CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

20. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure, the Federal Rules of Evidence or other applicable law.

21. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in District Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Designating party or further order of the Court

with respect to dissolution or modification of any the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

22. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

23. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all CONFIDENTIAL information and CONFIDENTIAL – ATTORNEY'S EYES ONLY information produced or designated and all reproductions thereof, shall be returned to the Designating party or shall be destroyed, at the option of the Designating party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

24. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

THE PLAINTIFF,
EDGAR CRESPO

/s/ ______________________
GARY A. MASTRONARDI, ct06312
211 State Street
Bridgeport, CT 06604

THE DEFENDANT,
MICHAEL

/s/ ______________________
Carmel A. Motherway, #ct23175
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105

SO ORDERED,

______________________
( , J.)

**Exhibit A**

**ACKNOWLEDGMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ______________________________, hereby acknowledge that I am to review and/or receive information and/or documents designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY pursuant to the terms of the Stipulated Protective Order ("Protective Order") in *Crespo v. Beauton*,in the United States District Court for the District of Connecticut, Docket No. 3:15cv00412(WWE) ("the Court"). I acknowledge receipt of a copy of that Protective Order, and certify that I have read it and that I agree to be bound by the terms and restrictions therein.

I further agree that any information or document designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY pursuant to that Protective Order and which is delivered to me shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, will be segregated and kept by me in a safe place (or when applicable, within the offices of Outside Counsel), and will not be made known to others except in accordance with the terms of that Protective Order. I further understand and agree that any summaries or other documents containing information obtained from CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY documents or information furnished to me shall also be treated by me as confidential and subject to the Protective Order. I further agree to notify any stenographic or clerical personnel or employees who are required to assist me of the terms of the Protective Order. I also agree to dispose of all such CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY documents and information and all summaries or other documents containing information therefrom in such manner as I may be instructed after completing my services. I acknowledge that the return or subsequent destruction of such documents and information shall not relieve me from any of the obligations imposed by the Protective Order.

I hereby subject myself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Protective Order. I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with the Protective Order.

Name: Business Address:
Date:
Occupation: Telephone:

***Acknowledgement Appears On Following Page***

STATE OF ______________, ss.

COUNTY OF ______________, ss.

On this ___ day of __________, 20___, before me personally appeared ___________________, who executed the foregoing instrument and acknowledged that he/she executed this instrument as his/her own free act and deed.

_________________________
Notary Public
My Commission Expires: