UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
-------------------------------------------------------X
                                                       :
EDGAR CRESPO,                                          :
                                                       :
                Plaintiff,                             :
                                                       :
V.                                                     :    3:15-cv-00412(WWE)
                                                       :
MICHAEL R. BEAUTON, et al                              :
                                                       :
                Defendants.                            :
                                                       :
-------------------------------------------------------X
```

**MOTION IN LIMINE**

The plaintiff, Edgar Crespo, respectfully moves this Court for an *in limine* order precluding defendant Michael Beauton from offering at the trial of this case any expert opinion testimony from the following two proposed experts identified recently by defendant Beauton:

    A.    Connecticut State Police Sergeant Michael Alogna; and

    B.    Connecticut State Trooper (FNU) O'Donnell

In support of this motion the plaintiff represents as follows:

Facts

    1.    This is a Section 1983 action based upon claims that the defendant, Michael Beauton, used excessive force in effecting plaintiff's arrest for a motor vehicle

violation by improperly permitting a police dog to mall the plaintiff's left arm during the course of that arrest.

2. The scheduling order issued by the Court in this case required that all experts whose testimony defendant Beauton intended to offer in this case be duly disclosed, in accordance with F.R.Civ.P. 26, by no later than June 30, 2017.

3. On June 30, 2017, at approximately 8:45 p.m., the defendant forwarded to the plaintiff via email, in purported compliance with the Court's order, certain documents which appeared to disclose defendant's intent to call three expert witnesses: (1) a forensic toxicologist named Robert H. Powers; (2) a Connecticut State Police Sergeant named Michael Alogna; and (3) a Connecticut State Police Trooper identified only by his last name: "O'Donnell."

4. The defendant's disclosure of a forensic toxicologist, Robert Powers, appears to be in compliance with Rule 26 and, therefore, is not the subject of this *in limine* motion.

5. However, for the following reasons, the defense's disclosures of Sgt. Alogna and Tpr O'Donnell do not conform with Rule 26 and, accordingly, the testimony of these two proposed experts should be excluded.

6. Annexed hereto as Exhibit A is the expert witness disclosure provided with respect to Sgt. Michael Alogna. As is readily apparent from a review of the "disclosure pages" of the document -- i.e., pages 1 through 4 of Exhibit A -- the disclosure provided is nothing more than a statement not from Alogna, but merely from

defense counsel, outlining in general terms the opinions that counsel expects Alogna will provide when he testifies. No report has been provided by Alogna in accordance with F.R.Civ.P. 26(a)(2)(A) and (B).

7. Annexed hereto as Exhibit B is the defendant's expert witness disclosure regarding Trooper O'Donnell. First, no information -- not even a statement from counsel -- has been provided. There is absolutely no disclosure in the Exhibit of any opinion(s) of O'Donnell. Instead, Exhibit B consists of nothing more than a set of documents which one can only guess O'Donnell might at some point intend to rely upon when he finally tells the world what his opinion(s) are. Here again, to be sure, there was nothing in Exhibit B that even resembles a report as required by F.R.Civ.P. 26(a)(2)(A) and (B) and the O'Donnell disclosure, as provided, did not even contain a statement from defense counsel describing the opinions counsel intended to at some point elicit from O'Donnell. Indeed, the O'Donnell disclosure did not even contain O'Donnell's first name.

## Applicable Rules

8. F.R.Civ.P. 26(a)(2)(A) and (B) provides in relevant part as follows:

> a party must disclose to the other parties [in the case] the identity of any witness it may use at trial to present evidence.
>
> Unless otherwise stipulated or ordered by the court, the disclosure must be accompanied by a written report -- prepared and signed by the witness -- if the witness is one retained or specially employed to provide expert testimony in the case....

## Application of Law to Facts

9. The "parties" in this case are the plaintiff Edgar Crespo, and the defendant, Michael Beauton. The State of Connecticut has not been named as a party in this case, and Alogna and O'Donnell are not "employees" of defendant Beauton. Therefore, as individuals who have been "specially employed" by Beauton to provide expert testimony in the case, both proposed expert witnesses, Alogna and O'Donnell, were required to provide, in a timely manner, reports that comply in all respects with Rule 26(b)(2)(A) and (B), and the failure to provide such reports in a timely manner constitutes cause for preclusion of the testimony of both of these witnesses.

## Defendant Beauton's Apparent Position

10. In defendant Beauton's "Alogna Disclosure," the defendant has indicated that the disclosure was being provided pursuant to F.R.Civ.P. 26(a)(2)(C); in other words, it is the defense's apparent position that, because both witnesses are state employees, no reports were required. However, since Alogna and O'Donnell are not employees of the defendant Beauton, there is no factual basis in this case for Beauton's position that Alogna and O'Donnell fall into the Rule 26(a)(2)(C) category -- i.e., "witnesses who are not required to provide a report" because they are employees of a party to this lawsuit.

11. Finally, even if O'Donnell qualified as an expert who was not required to provide a report, the disclosure provided with respect to O'Donnell does not even come close to meeting even the requirements of F.R.Civ.P. 26(a)(2)(C)(i) and (ii), the section

of Rule 26 that even Beauton has relied upon. Therefore, O'Donnell must be excluded as an expert witness.

Dated: July 7, 2017
      Bridgeport, Connecticut

                          THE PLAINTIFF,
                          EDGAR CRESPO,

By:      /s/
Gary A Mastronardi
211 State Street
Bridgeport, CT 06604
Tel: (203) 368-0411
Fax: (203) 368-6875
gamlaw@snet.net
ct06312

His Attorney

## **CERTIFICATION**

I hereby certify that on July 7, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System.

                                                               /s/
                                           Gary A. Mastronardi