**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EDGAR CRESPO<br>Plaintiff | : | NO. 3:15-cv-00412-WWE |
| VS. | : | |
| MICAHEL R. BEAUTON, *et al.*<br>Defendants | : | JULY 20, 2017 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE***

Now comes the defendant, Trooper Michael Beauton, and respectfully objects to plaintiff's motion *in limine* seeking to preclude the testimony of Connecticut State Police Sgt. Alogna and Trooper First Class O'Donnell. Without citing any authority, plaintiff argues that the defendant Beauton's disclosure of Sgt. Alogna and TFC O'Donnell pursuant to Fed.R.Civ.P. 26(a)(2)(C) was improper, and that the disclosure should have been made pursuant to Fed.R.Civ.P. 26(a)(2)(B).[1]

Analysis begins with the language of Fed.R.Civ.P. 26 itself. *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011)(The District Court abused its discretion in excluding proffered opinion testimony on ground that "expert report" not provided.). "As the text of Rule 26(a)(2)(B) makes plain, the rule covers two types of experts: (i) 'retained or specially employed' experts who meet certain criteria and (ii) employees of a party who meet certain criteria. Fed.R.Civ.P. 26(a)(2)(B)." *Id.* Neither Sgt. Alogna nor TFC O'Donnell is a witness "retained or specially employed to provide expert testimony in the case…." Fed.R.Civ.P. 26(a)(2)(B). Sgt. Alogna is Trooper

[1] Of note, plaintiff's objection appears to be to the manner of defendant's disclosure and not to the substance of the proffered testimony.

Beauton's supervisor in the Connecticut State Police K-9 Unit. TFC O'Donnell is one of Trooper Beauton's trainers in the CSP K-9 Unit. Neither is an "employee" of Trooper Beauton such that their "duties as the *party's employee* regularly involve giving expert testimony." *Id.* (Emphasis added.)

Thus, neither Sgt. Alogna nor TFC O'Donnell are "Witnesses Who Must Provide a Written Report" as described in Fed.R.Civ.P. 26(a)(2)(B). Neither has held themselves out for hire as purveyor[s] of expert testimony. There is no evidence that they are charging a fee for their testimony. "[T] give the phrase 'retained or specially employed' any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony. It is this difference… that best informs the language of the rule." *Downey*, 633 F.3d at 6.

Sgt Alogna and TFC O'Donnell were not retained or specially employed for the purpose of offering expert opinion testimony. Rather, they are "actor[s] with regard to the occurrences from which the tapestry of the lawsuit was woven." *Id.* Put another way, their "opinion testimony arises not from [their] enlistment as an expert but, rather, from [their] ground-level involvement in the events giving rise to the litigation. Thus, [they] fall[] outside the compass of Rule 26(a)(2)(B)." *Id.*, citing *Fielden v. CSX Transp., Inc.,* 482 F.3d 866, 869 (6th Cir.2007).

Because neither Sgt. Alogna nor TFC O'Donnell fall within Fed.R.Civ.P. 26(a)(2)(B), defendant has disclosed them pursuant to Fed.R.Civ.P. 26(a)(2)(C). *Contra* to the representation plaintiff counsel has made to the Court, defendant's counsel

timely provided plaintiff with disclosures for both Sgt. Alogna and TFC O'Donnell pursuant to Fed.R.Civ.P. 26(a)(2)(C). *See* **Exhibit 1**, attached, comprised of e-mail receipts indicating that on Friday, June 30, 3017, undersigned counsel transmitted Dr. Powers' Disclosure at 8:46 PM,[2] Sgt. Alogna's Disclosure at 8:46 PM, TFC O'Donnell's "Disclosure Part I" at 8:47 PM, and TFC O'Donnell's "Disclosure Part II" at 8:48 PM. None of these transmissions came back to undersigned counsel as "undeliverable." Plaintiff's attorney has attached "TFC O'Donnell's Disclosure Part II" to his motion *in limine* but not Part I even though it was successfully transmitted to him one minute earlier.

Trooper Beauton is providing the Court with a copy of TFC O'Donnell's "Disclosure Part I" as defendant's **Exhibit 2**, attached. As the Court can see, TFC O'Donnell's Disclosure Part I follows the same format as that of Sgt. Alogna's Disclosure. Further, the Bates #'s in TFC O'Donnell's Disclosures I and II are sequential. Part I ends with "Beauton 272" and Part II begins with "Beauton 273." *See* and compare **Exhibit 2**, with plaintiff's attachment to his motion *in limine*, Doc. 77-2.

The defendants' disclosures track the requirements of Fed.R.Civ.P. 26(a)(2)(C). Each sets forth "(i) the subject matter on which the witness is expected to present evidence under federal Rule of Evidence 702, 703, or 705", and "(ii) a summary of the facts and opinions to which the witness is expected to testify." *See* Sgt. Alogna's Rule

[2] The Attorney General's office installed new phones on the afternoon of June 30, causing the computers throughout the building to crash. Defendants' reports could not be filed until the early evening on June 30.

26 Disclosure, plaintiff's Doc. 77-1, and TFC O'Donnell's Rule 26 Disclosure comprised of Part I in **Exhibit 2** and Part II in plaintiff's Doc.77-2. [3]

The distinction between an expert "retained or specially employed" and a non-retained expert turns, at least in part on the difference between a percipient witness who happens to be an expert and an expert who, without prior knowledge of the facts giving rise to the litigation, is recruited to provide expert testimony." *Downey*, 633 F.3d at 3.

Interpreting the words “retained or specially employed” in a common-sense manner, consistent with their plain meaning, this Court may well conclude that as long as defendants' experts were not retained or specially employed in connection with the litigation, and their opinions are premised on personal knowledge and observations made in the course of their employment in the CSP K-9 Unit, no report is required under the terms of Rule 26(a)(2)(B). *Downey*, at 7-8, citing *Garcia v. City of Springfield Police Dep't,* 230 F.R.D. 247, 249 (D.Mass.2005); *Sprague v. Liberty Mut. Ins. Co.,* 177 F.R.D. 78, 81 (D.N.H.1998). This interpretation is also consistent with the unique role that an expert who is actually involved in the events giving rise to the litigation plays in the development of the factual underpinnings of a case. *Id.* Finally, this interpretation recognizes that the source, purpose, and timing of such an opinion differs materially from the architecture of an opinion given by an expert who is “retained or specially employed” for litigation purposes. *Id.*

In closing, the "[e]xclusion of expert testimony should be reserved for those rare cases where a party's conduct represents flagrant bad faith and callous disregard for

[3] In fact, Trooper Beauton's disclosure went further than the requirements in Fed.R.Civ.P. 26(a)(2)(C) and provided "[t]he facts or data considered by the witness in forming them" and "exhibits that will be used to summarize or support them." Fed.R.Civ.P. 26(a)(2)(B)(ii) and (iii).

the Federal Rules of Civil Procedure." *Lab Crafters,* 2007 WL 7034303, at *7; *Associated Elec. Gas Ins. Servs. v. Babcock & Wilcox Power Generation Group, Inc.*, No. 3:11CV715 JCH, 2013 WL 5771166, at *5 (D. Conn. Oct. 24, 2013). This is "not one of those 'rare situations' in which the 'harsh remedy' of preclusion is justified." *Eslin v. Housing Auth. of Mansfield,* No. 3:11 CV 134(JCH), 2012 WL 3090976, at *5 (D.Conn. July 13, 2012) (citations omitted)(Court denied defendants' motion to preclude the testimony of the plaintiff's "treating clinician" even though plaintiff had failed to provide a Rule 26(a)(2)(B) expert report.)

For all of the foregoing reasons, defendant Beauton respectfully requests that the Court deny plaintiff's motion *in limine* and permit the depositions of defendants' expert witnesses to proceed.

Respectfully submitted by,

DEFENDANT,
Michael R. Beauton

GEORGE JEPSEN
ATTORNEY GENERAL

/s/_____________________________

Carmel A. Motherway
Assistant Attorney General
Federal Bar No. ct23175
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450 Fax: (860) 808-5591
E-Mail: carmel.motherway@ct.gov

**CERTIFICATION**

I hereby certify that on July 20, 2017, a copy of the foregoing **Objection** was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/________________________________
Carmel A. Motherway
Assistant Attorney General