UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDGAR CRESPO,

    Plaintiff,                                  3:15cv412(WWE)

    v.

MICHAEL R. BEAUTON,

    Defendant.

## **ORDER ON MOTION IN LIMINE**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Connecticut State Police ("CSP") Officer Michael R. Beauton used his police dog excessively and maliciously while effecting a motor vehicle stop, detention, and arrest of plaintiff on January 18, 2014.

Plaintiff now moves for an order to preclude expert opinion testimony from defendant's witnesses CSP Sergeant Michael Alogna and CSP Trooper O'Donnell for failure to comply with the disclosure requirement set forth in Federal Rule of Civil Procedure 26(a)(2)(B). Defendant maintains that the less detailed disclosure requirements of Rule 26(a)(2)(C) apply to these witnesses. For the following reasons, the motion in limine will be denied.

## **Discussion**

Rule 26(a)(2)(B) provides that when a witness is "retained or specially employed to provide expert testimony," the disclosure must be accompanied by a written report containing (i) a complete statement of all opinions that the witness will express and the basis and reason for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the

1

previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B).

By contrast, under Rule 26(a)(2)(C), an expert who has not been "retained or specially employed" need only submit a disclosure that states "(i) the subject matter on which the witness is expected to present and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The Advisory Committee Notes to the 2010 Amendment relevant to the addition of Rule 26(a)(2)(C) provides: "[A] witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rules 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony."

Defendant maintains that witnesses Alogna and O'Donnell are not expert witnesses specially retained or employed for litigation purposes but expert witnesses whose opinion is based upon their personal knowledge and involvement in the events giving rise to the litigation. See Downey v. Bob's Discount Furniture Holdings, Inc., 633 F.3d 1, 6 (1st Cir. 2011) (Rule 26(a)(2)(C) applied to witness who was not retained or specially employed for offering expert opinion and whose opinion testimony arose from his involvement in the events giving rise to the litigation.).

Defendant's disclosure of Alogna provides that Sergeant Alogna is the CSP K9 Unit Supervisor and that he reviewed the investigative reports, patient records and video; the disclsure represents that Alogna will present his opinion that defendant's use of the canine

2

complied with CSP training guidelines, and that there have been past occurrences where a canine was used to remove a fleeing criminal from a vehicle.

As to witness O'Donnell, defendant's disclosure explains that he conducts training in Patrol Canine, Search and Rescue, Bloodhound, Fish and Game Detection, and Electronic Storage Detection; that he has reviewed the relevant record. The disclosure states that he will testify regarding the CSP selection criteria for canine handlers; defendant's selection in the training course; his training and certification; and his compliance with the training relevant to the facts of the instant litigation.

Here, Alogna and O'Donnell fall within the contemplation of Rule 26(a)(2)(C) as witnesses who not retained or employed for litigation purposes. The complaint alleges that plaintiff's injuries are the result of defendant's "highly unprofessional police conduct … wrongfully permitted or tolerated by others, while in the course of investigating and effecting the detention and arrest of an unresisting person…." Witnesses Alogna and O'Donnell are, respectively, involved in the supervision and training of defendant; their personal knowledge forms the basis of their opinion testimony regarding defendant's wrongdoing.

Accordingly, the motion in limine will be denied.

## Conclusion

For the foregoing reasons, the motion in limine [doc. #77] is DENIED.

Dated this 8th day of September, 2017, in Bridgeport, Connecticut.

/s/Warren W. Eginton
Warren W. Eginton
Senior United States District Judge